Timothy J. Halloran – 104498
Jason E. Fellner - 245364
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Defendants
SHANE BUNTROCK and SANDERS & PARKS, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHANE BUNTROCK, an individual; SANDERS & PARKS, P.C., an Arizona professional corporation; EQUINE.COM, INC., a Delaware corporation, <br><br> Defendants. | Case No. C07 04976 CRB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE COMPLAINT** <br><br> Date:   November 30, 2007 <br> Time:  10:00 a.m. <br> Dept.:  8 <br><br> DOF:   September 25, 2007 |

MEMO. POINTS & AUTHORITIES I/S/O DEFS.'
MOTION TO STRIKE COMPLAINT –
Case No. C07 04976 CRB

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................1

III. MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F) .....................................................3

    A. Plaintiff's Request for Statutory Damages Under the Copyright Act Is Not Authorized as a Matter of Law...................................................................................3

    B. Plaintiff's Request for Attorney's Fees under the Copyright Act Is Not Authorized as a Matter of Law...................................................................................5

    C. Plaintiff's Request for Attorney's Fees Under the California Unfair Competition Law Is Not Authorized as a Matter of Law...............................................................5

    D. Plaintiff's Request for Punitive and Exemplary Damages Should Be Stricken as Improper.....................................................................................................................6

IV. CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

**CASES** — Page(s)

Bureerong v. Uvawas,
    922 F.Supp. 1450 (C.D. Cal. 1996) ................................................................. 3

Daly v. Viacom, Inc.,
    238 F.Supp.2d 1118 (N.D. Cal. 2002) ............................................................. 5

Fantasy, Inc. v. Fogerty,
    984 F.2d 1524 (9th Cir. 1993) ........................................................................ 3

Fogerty v. Fantasy Inc.,
    510 U.S. 517 (1994) ....................................................................................... 3

Getaped.com, Inc. v. Cangemi,
    188 F.Supp.2d 398 (S.D.N.Y. 2002) ............................................................ 4, 5

Jackson v. Surkie,
    255 F.Supp.2d 1096 (N.D. Cal. 2003) ............................................................ 6

Oddo v. Ries,
    743 F.2d 630 (9th Cir. 1984) ....................................................................... 4, 5

Roth v. Shell Oil Co.,
    185 Cal.App.2d 676 (1960) ............................................................................ 6

Templeton Feed and Grain v. Ralston Purina Co.,
    69 Cal.2d 461 (1968) ...................................................................................... 6

Walker v. Countrywide Home Loans, Inc.,
    98 Cal.App.4th 1158 (2d Dist. 2002) .............................................................. 5

**STATUTES**

17 U.S.C.
    § 408(f) ........................................................................................................ 1, 5
    § 412 ......................................................................................................... 1, 4, 5
    § 412(2) .......................................................................................................... 4
    § 504 ............................................................................................................ 4, 5
    § 504(b) .......................................................................................................... 5
    § 505 ............................................................................................................... 5

California Code of Civil Procedure
    § 1021.5 ....................................................................................................... 1, 6

California Business & Professions Code
    § 17200 *et seq.* ........................................................................................ 1, 3, 5

California Civil Code
    § 3294 .......................................................................................................... 1, 6

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ................................................................................................... 3

- ii -

MEMO. POINTS & AUTHORITIES I/S/O DEFS.'
MOTION TO STRIKE COMPLAINT –
Case No. C07 04976 CRB

## I. INTRODUCTION

Plaintiff Equine Legal Solutions, Inc. ("ELS") failed to register its legal forms with the United States Copyright Office prior to the alleged infringement by defendants. In fact, ELS waited over two years from the time it first published the legal forms on its website until it registered those forms with the Copyright Office in accordance with 17 U.S.C. § 408(f). Plaintiff's registration for copyrights took place after plaintiff allegedly learned that the documents had been infringed by defendants. Because plaintiff failed to register with the Copyright Officer prior to the alleged infringement and the registration did not take place within the three-month grace period after plaintiff first published the legal forms, plaintiff cannot recover statutory damages and attorney's fees under the Copyright Act. See 17 U.S.C. § 412. As a result, plaintiff's request for statutory damages and attorney's fees should be stricken.

Moreover, plaintiff cannot recover attorney's fees under the California Business & Professions Code § 17200 et seq. because plaintiff has not pleaded and cannot show that its lawsuit confers a substantial benefit upon the general public or a large class of persons as required under Cal. Civ. Proc. Code § 1021.5. Likewise, plaintiff cannot recover punitive damages for defendants' alleged intentional tortious conduct because plaintiff has not plead facts supporting "oppression, malice, or fraud" as required under Cal. Civ. Code § 3294. Consequently, the Court should strike plaintiff's request for punitive damages as improper.

## II. STATEMENT OF FACTS

Plaintiff ELS provides equine-related legal services, including legal forms for use in equine transactions. Defendant Equine.com is a company hosted website that sells and displays equine-related advertising for buyers and sellers throughout the United States. Defendant Shane Buntrock, a former partner at the firm Sanders & Parks, at one time served as counsel for Equine.com.

Plaintiff alleges the following facts: defendants Shane Buntrock and his former law firm Sanders & Parks were retained by co-defendant Equine.com to develop or otherwise provide Equine.com with legal forms for dissemination to the public via Equine.com's website. In June 2004, ELS and Equine.com operated separate booths at the 2004 Western States Horse Expo in Sacramento, California. At the Horse Expo, Aaron Bromagem, Equine.com's founder and president, visited the

- 1 -

ELS booth and spoke to Erin McCart, ELS's marketing director. Mr. Bromagem also spoke with Rachel Kosmal McCart, ELS's employee and senior counsel, about including ELS's equine forms on Equine.com's website. Mr. Bromagem and Ms. Kosmal McCart did not reach any agreement regarding Equine.com's use of ELS's forms.

On or around July 18, 2005, defendant Shane Buntrock visited ELS's website, agreed to the terms of the License Agreement, paid $99.98 for two equine legal forms, and subsequently downloaded those two forms. The two equine legal forms Mr. Buntrock allegedly purchased were: (1) the "On Site Breeding Agreement," and (2) "Equine Installment Sale Agreement." The License Agreement, attached as Exhibit A to the plaintiff's Complaint, provided for a personal use limitation on the documents and a provision that stated that the documents are protected under the United States copyright laws.

On or before March 7, 2007, ELS's employee, Ms. Kosmal McCart, received an email newsletter from Equine.com stating that free equine forms were available on Equine.com's website. Plaintiff has alleged that on or before March 7, 2007, ELS's forms were made available, without authorization, on Equine.com's website. Plaintiff has identified nine legal documents that plaintiff contends contain identical or nearly identical language contained in the "ELS Installment Sale Agreement" previously licensed to Mr. Buntrock. In addition, plaintiff has identified several sections of the Equine.com "On Site Breeding Agreement" that plaintiff contends were identical or nearly identical to sections of the ELS Breeding Agreement licensed to Mr. Buntrock.

On or about March 7, 2007, Ms. Kosmal McCart spoke with Mr. Bromagem and informed him that certain forms on Equine.com's website infringed ELS's copyrighted forms. Mr. Bromagem stated that the forms were drafted by Mr. Buntrock. Ms. Kosmal McCart then spoke with Mr. Buntrock who stated that he had purchased forms from ELS and that Equine.com would remove the allegedly infringing portions from forms offered on its website. After the alleged infringement and over two years from the time that ELS first published the forms, ELS registered the forms with the U.S. Copyright Office.

On March 30, 2007, ELS registered a "Legal form agreement for selling a horse on installments and associated instructions" with the United States Copyright Office. The Certificate of Registration,

attached as Exhibit C to plaintiff's Complaint, provides that the legal form was first published January 14, 2004.

On April 2, 2007, ELS registered a "Legal form agreement for breeding a horse and associated instructions" with the United States Copyright Office. The Certificate of Registration, attached as Exhibit D to plaintiff's Complaint, provides that the legal form was first published on January 1, 2005.

On or about May 4, 2007, Equine.com, through a letter from its counsel, stated that it had removed the allegedly infringing language from the disputed forms and had posted revised versions of the forms on its website.

On or about May 9, 2007, Ms. Kosmal McCart visited Equine.com's website and determined that six allegedly infringing forms remained unchanged. On or about July 9, 2007, Ms. Kosmal McCart again reviewed the website and determined that at that time only one allegedly infringing form remained unchanged. Accordingly, at most, plaintiff alleges that defendants' publication of the copyrighted documents lasted four months.

Following plaintiff's registration of its forms with the U.S. Copyright Office, plaintiff subsequently filed this action for federal copyright infringement, breach of contract, intentional interference with prospective economic advantage, conversion, and unfair competition under California Business and Professions Code § 17200 *et seq.*

### III. MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F)

A motion to strike is the primary method of attacking defects or irrelevant matter contained in a pleading that cannot be addressed in an F.R.C.P. 12(b)(6) motion to dismiss. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (reversed on other grounds by Fogerty v. Fantasy Inc., 510 U.S. 517, 534-535 (1994)). For instance, a motion to strike is the proper method to strike a prayer for relief which seeks damages that are specifically disallowed as a matter of law. Bureerong v. Uvawas, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996). Here, plaintiff's request for statutory damages, attorney fees, and punitive damages is improper and unauthorized, and cannot be supported by law.

**A.   Plaintiff's Request for Statutory Damages Under the Copyright Act Is Not Authorized as a Matter of Law**

Plaintiff requests statutory damages pursuant to the United Stated Copyright Act based on

- 3 -

defendant's alleged infringement of ELS's copyrighted legal forms. Complaint, ¶¶ 65-67. However, plaintiff cannot obtain the requested relief because plaintiff failed to register its published work with the United States Copyright Office prior to the alleged infringement and not within the three-month grace period permitted under 17 U.S.C. § 412(2).

Pursuant to the Copyright Act, neither statutory damages nor attorney's fees are available for plaintiff if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; <u>Oddo v. Ries</u>, 743 F.2d 630, 634-635 (9th Cir. 1984); <u>Getaped.com, Inc. v. Cangemi</u>, 188 F.Supp.2d 398, 400 (S.D.N.Y. 2002).

Application of section 412 is straightforward as applied to this case and automatically precludes plaintiff's ability to recover statutory damages and attorney's fees under the federal Copyright Act. Plaintiff's first copyright registration form, attached as Exhibit C to the plaintiff's Complaint, provides that one of the alleged infringed documents, entitled "Legal form agreement for selling a horse on installments and associated instructions" was first published on January 14, 2004, but was not registered until March 30, 2007. Plaintiff's second copyright registration form, attached as Exhibit D to the Complaint, provides that the other alleged infringed document, entitled "Legal form agreement for breeding a horse and associated instructions" was first published on January 1, 2005, but was not registered until April 2, 2007. Plaintiff alleges that defendants violated the federal copyright law by copying and publicly displaying those copyrighted legal documents on or about March 7, 2007. Thus, plaintiff's copyright registrations came after the alleged infringement and plaintiff waited over two years from first publication to register its documents. Indeed, plaintiff registered the documents only after defendants allegedly copied, distributed, and published their copyrighted documents on Equine.com. According to the statute, such a delay automatically precludes ELS's ability to receive an award of statutory damages and attorney's fees. 17 U.S.C. § 412.

Because the alleged infringement commenced before the effective date of registration and plaintiff did not register its work within the three-month grace period permitted by 17 U.S.C. § 412(2), plaintiff cannot recover statutory damages under 17 U.S.C. § 504. Statutory damages are simply not

- 4 -

MEMO. POINTS & AUTHORITIES I/S/O DEFS.'
MOTION TO STRIKE COMPLAINT –
Case No. C07 04976 CRB

available to plaintiff in this case. Plaintiff's only recovery available under the Copyright Act, is actual damages it suffered from the alleged infringement of ELS's legal forms. 17 U.S.C. § 504(b); Oddo, *supra*, 743 F.2d at 634-635. As a result, plaintiff's request for statutory damages should be stricken as contrary to the Copyright Act's plain wording.

### B. Plaintiff's Request for Attorney's Fees under the Copyright Act Is Not Authorized as a Matter of Law

Plaintiff also requests attorney's fees and costs pursuant to 17 U.S.C. § 505. Complaint, ¶ 67. However, section 505 provides that the court has discretion to award attorney's fees to the prevailing party as part of the costs, *"except as otherwise provided by this title."* Id. (emphasis added). As discussed above, section 412 limits an award of statutory damages *and* of attorney's fees, otherwise available under section 504 and 505, to only those plaintiffs whose work has been preregistered under section 408(f) or whose work falls within the three-month grace period. As laid out in the previous section, plaintiff has not complied with the preregistration requirement and its work does not fall within the three-month grace period after first publication. As a result, plaintiff cannot recover statutory damages and attorney fees. 17 U.S.C. § 412; Oddo, *supra*, 743 F.2d at 634-635; Getaped.com, *supra*, 188 F.Supp.2d at 400. Because plaintiff is precluded from an award of attorney's fees pursuant to section 412, the Court should strike plaintiff's request for attorney's fees as unauthorized and improper under the Copyright Act.

### C. Plaintiff's Request for Attorney's Fees Under the California Unfair Competition Law Is Not Authorized as a Matter of Law

Plaintiff alleges that defendant engaged in unlawful business practices and unfair competition in violation of California Business and Professions Code Section 17200 *et seq.*, also known as California's Unfair Competition Law ("UCL"). Section 17200 prohibits "unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." See Daly v. Viacom, Inc., 238 F.Supp.2d 1118, 1126 (N.D. Cal. 2002). The UCL makes no provision for attorney's fees, and "relief is generally limited to injunctive relief and restitution." Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158, 1179 (2d Dist. 2002); Cal. Bus. & Prof. Code § 17200 *et seq*. However, when adjudicating a claim under the UCL, the court may award attorney fees

to a successful litigant, in very limited circumstances, where the plaintiff acts as a private attorney general and demonstrates that the litigation's outcome will confer "a significant benefit" on the general public or a large class of persons. Cal. Code of Civ. Pro. § 1021.5; Jackson v. Surkie, 255 F.Supp.2d 1096, 1107-1108 (N.D. Cal. 2003).

Here, plaintiff seeks attorney's fees and costs for violations of the UCL. ELS bases its request for attorney's fees and costs solely on alleged harm it alone incurred as a result of defendants' alleged unfair business acts and practices. The UCL will not allow plaintiff to recover attorneys' fees and costs solely on account of its own injury. See Cal. Code of Civ. Pro. § 1021.5. Plaintiff must instead show that a successful lawsuit stopping defendants' unlawful conduct confers "a significant benefit" on the general public or a large class of persons. As plaintiff's complaint currently reads, no allegation has been made showing that the litigation will confer "a significant benefit" to anyone other than ELS. Plaintiff cannot plead around this glaring deficiency, and for that reason, plaintiff cannot recover attorney's fees and costs under the UCL.

Plaintiff's requests for attorney's fees and costs under both the federal Copyright Act and California's UCL are improper. Because plaintiff's requests for attorney's fees and costs are not permitted, those requests should be stricken from plaintiff's Complaint.

**D.     Plaintiff's Request for Punitive and Exemplary Damages Should Be Stricken as Improper.**

Plaintiff also requests punitive damages under Cal. Civil Code § 3294 as a result of defendant's alleged intentional interference with prospective economic advantage and alleged conversion. Pursuant to Civil Code § 3294, punitive damages may be recovered only when it is shown that the defendant was guilty of "oppression, fraud, or malice." Plaintiff has not made such a showing. Instead, plaintiff's bare conclusory allegations of "oppression, malice, and fraud" do not meet the required specificity to support such a prayer for damages. An award of punitive and exemplary damages cannot be based upon mere speculation; it depends instead on a definite showing of a willingness to vex, harass or injure consistent with a wrongful intent to injure. Roth v. Shell Oil Co., 185 Cal.App.2d 676, 682 (1960) (disapproved on other grounds by Templeton Feed and Grain v. Ralston Purina Co., 69 Cal.2d 461 (1968)). Here, plaintiff has not stated any facts that could support a

prayer for punitive and exemplary damages. As a result, plaintiff's punitive and exemplary damages prayer should be stricken.

## IV. CONCLUSION

For the foregoing reasons, defendants Buntrock and Sanders & Parks respectfully request that this Court grant their motion to strike in its entirety.

Dated: October 17, 2007

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Timothy J. Halloran
Attorneys for Defendants
SHANE BUNTROCK and SANDERS & PARKS

JEF.10391263.doc

# CERTIFICATE OF SERVICE

I, Gloria V. Joyce, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On October 17, 2007, I served the following document(s) on the parties in the within action:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE COMPLAINT**

| XX | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |
|---|---|

| | |
|---|---|
| Hway-Ling Hsu<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110-2712 | Attorney For Plaintiff |
| Michael L. Meeks<br>Pepper Hamilton LLP<br>5 Park Plz Ste 1700<br>Irvine, CA 92614-8503 | Attorney for Co-Defendant<br>EQUINE.COM |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on October 17, 2007.

By _____
     Gloria V. Joyce