Michael L. Meeks, Esq. (State Bar No. 172000)
Pepper Hamilton LLP
5 Park Plaza, Suite 1700
Irvine, California 92614
Telephone: 949.567.3500
Fax: 866.777.8799
Meeksm@pepperlaw.com

Attorneys for PRIMEDIA ENTHUSIAST PUBLICATIONS, INC., erroneously sued as EQUINE.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SHANE BUNTROCK, an individual; SANDERS & PARK, P.C., an Arizona professional corporation; and EQUINE.COM, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C07 04976 CRB<br><br>[Assigned for all purposes to the Hon. Charles R. Breyer, Dept. 8]<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: September 25, 2007<br>Trial Date: None set |

Defendant Primedia Enthusiast Publications, Inc., erroneously sued as Equine.com ("Defendant"), hereby answers the complaint filed by plaintiff Equine Legal Solutions, Inc. ("Plaintiff") as follows:

1. Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraphs 1, 2, 3, 4, 5, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 58, 59, 60, 61, 71, 75, 78, and 84 of the Complaint and on that basis hereby denies all of the allegations therein.

2. Defendant denies the allegations in paragraphs 11, 13, 57, 62, 63, 64, 65, 66, 67, 68, 70, 71, 73, 76, 77, 79, 80, 81, 82, 85, 86, 87, 89, 90, 91, and 92 of the Complaint.

3. Defendant admits the allegations in paragraphs 6, and 7 of the Complaint.

4. Responding to paragraph 8, Defendant admits that it operates a website known as equine.com the contents of which speaks for itself. Defendant denies all other allegations set forth in paragraph 8 of the Complaint.

5. Responding to paragraph 9 of the Complaint, Defendant admits that this court has subject matter jurisdiction over the claims set forth in the Complaint. Defendant denies all other allegations set forth in paragraph 9 of the Complaint.

6. Responding to paragraph 56 of the Complaint, Defendant incorporates its answer to paragraphs 1 through 55, inclusive, as if set forth in full herein.

7. Responding to paragraph 69 of the Complaint, Defendant incorporates its answer to paragraphs 1 through 68, inclusive, as if set forth in full herein.

8. Responding to paragraph 74 of the Complaint, Defendant incorporates its answer to paragraphs 1 through 73, inclusive, as if set forth in full herein.

9. Responding to paragraph 83 of the Complaint, Defendant incorporates its answer to paragraphs 1 through 82, inclusive, as if set forth in full herein.

10. Responding to paragraph 88 of the Complaint, Defendant incorporates its answer to paragraphs 1 through 87, inclusive, as if set forth in full herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each of the purported causes of action contained therein, is barred by the doctrine of collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint, and each of the purported causes of action contained therein, is barred by the doctrine of res judicata.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant alleges that if any loss, injury, damage or detriment occurred as alleged in the Complaint, each injury, loss, damage or detriment was caused and/or contributed to by the actions of Plaintiff in that Plaintiff did not exercise ordinary care on her own behalf. Furthermore, Plaintiff's own actions, negligence and/or omissions proximately caused and/or contributed to any purported loss, injury, damage or detriment claimed by Plaintiff herein. Therefore, Plaintiff's own actions, negligence and/or omissions completely bar any recovery from Defendant or in the alternative, Plaintiff's action, negligence and/or omissions reduce the right of recovery against Defendant to the extent that said actions, negligence and/or omissions contributed to Plaintiff's injuries.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant is not legally responsible with respect to the damages claimed by Plaintiff; however, if Defendant is found to be legally responsible, then it alleges that its legal responsibility is not the sole and proximate cause of the

injuries alleged by Plaintiff, and the damages awarded to Plaintiff, if any, are to be apportioned in accordance with the fault and legal responsibility of all parties, persons and entities, or the agents, servants and employees of such parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff has suffered no damage by virtue of any acts, events or occurrences alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7. None of the damages alleged by Plaintiff was caused by Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's alleged damages were caused by others, whose negligence or other wrongful acts were the proximate cause of any damages Plaintiff suffered.

### NINTH AFFIRMATIVE DEFENSE

9. If Defendant made any misrepresentations or omitted to state any facts, which Defendant expressly denies, Defendant is informed and believes, and based thereon alleges, that Plaintiff knew the facts concerning the misrepresentations or omissions.

### TENTH AFFIRMATIVE DEFENSE

10. If Defendant made any misrepresentations or omitted to state any facts, which Defendant expressly denies, Plaintiff's alleged reliance on such representations or omissions was not justified, and therefore, Plaintiff cannot state a cause of action against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint, and each of the purported causes of action contained therein, is barred because Defendant acted in good faith and in a manner its reasonably believed to be in and not opposed to the best interests of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

12.  Plaintiff's prayer for punitive damages is barred because the Complaint, and each of the purported causes of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover punitive or exemplary damages from Defendant. Plaintiff's claim for punitive damages is barred by the provisions of Civil Code § 3294.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.  The Complaint, and each of the purported causes of action contained therein, is barred because Plaintiff failed to mitigate any damages actually caused to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.  Plaintiff's causes of action for breach of contract fails because the alleged contract lacks consideration.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.  Plaintiff's causes of action for breach of contract fails because the alleged contract is not sufficiently certain.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.  Plaintiff's cause of action for breach of contract fails because Defendant is not a party to the alleged contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.  Plaintiff's cause of action for breach of contract is barred because, prior to any alleged breach by Defendant, Plaintiff did not perform or fulfill her own alleged contractual obligations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.  Defendant is informed and believes, and based thereon alleges, that some or all of Plaintiff's causes of action are barred by any and all applicable statutes of limitation, including, but not limited to California Code of Civil Procedure §§ 338 and 339.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a result of Plaintiff's words and/or conduct, Plaintiff is estopped to assert any and all of the causes of action contained in the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. As a result of Plaintiff's words and/or conduct, Plaintiff's Complaint, and each of the purported causes of action contained therein, is barred by the doctrine of waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff is not entitled to obtain relief on any of the claims set forth in the Complaint because she is guilty of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Defendant's conduct as alleged in the Complaint was privileged and did not interfere with Plaintiff's existing or prospective contractual relations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Defendant's alleged conduct constitutes fair use of any copyrighted material.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Defendant's alleged infringing conduct was authorized by Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Defendant is informed and believes, and based thereon alleges, that Plaintiff is not the author of the allegedly infringed work and that no copyright should have been issued to Plaintiff.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Defendant is informed and believes, and based thereon alleges, that the allegedly copyrighted work is not sufficiently "original" to be protected under copyright law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. At this time, Defendant has insufficient information upon which to

form a belief as to whether it may have additional affirmative defenses. Accordingly, Defendant reserves the right to assert any additional affirmative defenses in the event that discovery and other developments in this litigation indicate that they are appropriate.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. The Complaint, and each purported causes of action contained therein, is barred by the applicable statute of limitations.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by reason of its Complaint and that Judgment be entered in favor of Defendant and against Plaintiff;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. That Defendant be awarded its costs of suit incurred in defense of this action; and

4. That Defendant be awarded such other and further relief as this Court deems just and proper.

Dated: November 30, 2007                PEPPER HAMILTON LLP


By:_____/s/_____
MICHAEL L. MEEKS
Attorneys for PRIMEDIA
ENTHUSIAST PUBLICATIONS,
INC., erroneously sued as
EQUINE.COM, INC.

## DEMAND FOR JURY TRIAL

Defendant Primemedia Enthusiast Publication, Inc., erroneously sued as Equine.com, hereby demands its right to jury trial concerning all claims, defenses and issues for which there is a right to jury trial presented in ELS's Complaint and all answers and responsive pleadings filed responding thereto.

Dated:      November 30, 2007           PEPPER HAMILTON LLP


By:_____/s/_____
MICHAEL L. MEEKS
Attorneys for PRIMEDIA
ENTHUSIAST PUBLICATIONS,
INC., erroneously sued as
EQUINE.COM, INC.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California, am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1700, Irvine, California. I am over the age of 18 and not a party to the action. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.

On the date set forth below, I served the foregoing documents described as **Answer to Complaint** on all interested parties in this action by placing [ ] the original [ X ] a true copy thereof in a sealed envelope addressed as follows:

| Steven A. Ellenberg<br>Ruby & Schofield<br>125 South Market Street, Suite 1001<br>San Jose, CA 95113<br>sellenberg@rubyschofield.com<br><br>*Attorney for Plaintiff: Equine Legal Solutions Inc.* | Timothy J. Halloran<br>Jason Fellner<br>Murphy, Pearson, Bradley & Feeney<br>88 Kearny Street, 10th Floor<br>San Francisco, CA 94108<br>Jfellner@mpbf.com<br><br>*Attorneys for Defendant: Shane Buntrock and Sanders & Parks P.C.* |
|---|---|

[ X ] **MAIL**
    [ X ] **STATE** - I am "readily familiar" with Pepper Hamilton's practice of collection and processing of correspondence for mailing. Under that practice the envelope would be deposited with the U.S. Postal Service at Irvine, California, on that same date with postage thereon fully prepaid and in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
    [ ] **FEDERAL** - I deposited such envelope in the U.S. Mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

[ X ] **BY E-MAIL OR CM/EFC ELECTRONIC TRANSMISSION** – Based on a court order or Case Management/Electronic Case Filing System, the parties agree to accept service by e-mail or electronic transmission. I caused the documents to be sent to the e-mail address of the addressee(s) via CM/ECF court system.

[ X ] (*State*) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (*Federal*) I declare under penalty of perjury under the laws of United States of America that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.
Executed on November 30, 2007, at Irvine, California.

RAQUEL MORENO