1  Michael L. Meeks, Esq. (State Bar No. 172000)
2  Pepper Hamilton LLP
   5 Park Plaza, Suite 1700
3  Irvine, California  92614
   Telephone:  949.567.3500
4  Fax:  866.777.8799
5  Meeksm@pepperlaw.com

6
   Attorneys for PRIMEDIA ENTHUSIAST
7  PUBLICATIONS, INC., erroneously sued as
   EQUINE.COM
8

9              UNITED STATES DISTRICT COURT
10
     NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION
11

| | |
|---|---|
| 12  EQUINE LEGAL SOLUTIONS, INC., a California corporation, | Case No.  C07 04976 CRB |
| 13                 Plaintiff, | [Assigned for all purposes to the Hon. Charles R. Breyer, Dept. 8] |
| 14  v. | **CROSS-CLAIM OF DEFENDANT EQUINE.COM FOR:** |
| 15 | |
| 16  SHANE BUNTROCK, an individual; SANDERS & PARK, P.C., an Arizona | **(1) EQUITABLE INDEMNITY;** |
| 17  professional corporation; and EQUINE.COM, INC., a Delaware | **(2) APPORTIONMENT OF FAULT; AND** |
| 18  corporation, | **(3) PROFESSIONAL NEGLIGENCE** |
| 19                 Defendants. | |
| 20  PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. | **DEMAND FOR JURY TRIAL** |
| 21 | |
| 22                 Plaintiff, | Complaint Filed:    September 25, 2007 |
| 23  v. | Trial Date:              None set |
| 24  SHANE BUNTROCK, an individual; SANDERS & PARK, P.C., an Arizona | |
| 25  professional corporation, | |
| 26                 Defendants. | |

27

28

CROSS-CLAIM

1   Cross-Claimant PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.

2   ("PEPI"), erroneously sued as Equine.com in the main action, by and through its

3   undersigned counsel of record, hereby files this Cross-Claim against Cross-

4   Defendants SHANE BUNTROCK, an individual, and SANDERS & PARK, P.C.,

5   an Arizona professional corporation.  In support of its Cross-Claim, PEPI alleges as

6   follows:

7   ## PARTIES

8   1.    Cross-Claimant PEPI is a Pennsylvania corporation with its principal

9   place of business in New York, New York.  PEPI owns the Equine.com website.

10   2.    Cross-Defendant SHANE BUNTROCK ("BUNTROCK") is an

11   individual, licensed to practice law and, at all relevant time, practiced law in

12   Arizona.

13   3.    Cross-Defendant SANDERS & PARKS, P.C. ("S&P") is an Arizona

14   law firm, which employed BUNTROCK at all relevant times alleged herein.

15   BUNTROCK and S&P are collectively referred to as "Cross-Defendants."

16   ## PRINCIPAL ACTION --COMPLAINT OF EQUINE LEGAL SERVICES

17   4.    On or about September 25, 2007, Equine Legal Services, Inc. ("ELS"),

18   a California corporation, filed a complaint in the above-captioned Court against

19   BUNTROCK, S&P, and Equine.com (which was erroneously sued and is actually

20   PEPI) for copyright infringement, breach of contract, intentional interference with

21   prospective economic advantage, conversion, and unfair competition ("Principal

22   Action").

23   5.    Specifically, ELS alleged:

24   (a)    BUNTROCK and his former firm, S&P, were retained by PEPI

25   to develop or otherwise provide PEPI with legal forms for

26   dissemination to the public via PEPI's website, Equine.com.

27   (b)    From on or about July 18, 2005 to on or about 2006,

28   BUNTROCK was acting as the agent, servant, employee or

8632809v1

-1-

CROSS-CLAIM

1                    representative of S&P, and in so doing the things alleged during

2                    such period, was acting within the course and scope of that

3                    agency, servitude, employment or representation.

4      (c)   In July 2005, BUNTROCK visited ELS' website, agreed to the

5                    terms of the License Agreement, paid the licensing fees, and

6                    downloaded two of ELS' forms.

7      (d)   On or about July 18, 2005, BUNTROCK visited the ELS website

8                    and purchased two legal forms from ELS' website.

9                    BUNTROCK paid and ELS received a total of $99.98 for the

10                 legal form.  ELS sent a "Download Email" to BUNTROCK and

11                 that BUNTROCK entered ELS' website by clicking on the link

12                 in the Download Email.

13      (e)   On or about July 18, 2005, BUNTROCK viewed the ELS

14                 License Agreement on the ELS website and then clicked on a

15                 button labeled "I Agree" below to the License Agreement on

16                 ELS' website.

17      (f)   PEPI subsequently advertised and posted on its website,

18                 Equine.com, several equine-related legal forms containing

19                 language identical or very similar to language in two of ELS'

20                 forms.

21    6.    ELS claims that it was injured by BUNTROCK, S&P and PEPI's

22  actions.  In the Principal Action, ELS seeks injunctive relief as well as actual,

23  statutory, compensatory, and/or punitive damages.  ELS also seeks attorneys' fees

24  and costs.

25              **COUNT I – COMPARATIVE EQUITABLE INDEMNITY**

26                        **(Under California Law)**

27    7.    Paragraphs 1 - 6 are incorporated herein by reference.

28    8.    PEPI is informed and believes, and based thereon alleges, that Cross-

1    Defendants were agents, employees, co-venturers partners, or in some manner

2    agents or principals, or both, for each other and were acting within the course and

3    scope of their agency and/or employment.

4        9.    ELS filed the Principal Action seeking injunctive relief as well as

5    damages and/or injuries that ELS allegedly sustained as a result of BUNTROCK

6    and/or S&P's actions and/or conduct as described in paragraph 5 and 6 above.

7        10.    The Principal Action purports to allege, among other things, conduct

8    entitling ELS to actual, statutory, compensatory, and/or punitive damages against

9    PEPI.    PEPI contends that it is not liable for the events, incidents and/or

10   occurrences alleged in the Principal Action.

11       11.    As described in paragraph 5, above, ELS alleges that BUNTROCK

12   and his former firm, S&P, were retained by PEPI to develop or otherwise provide

13   PEPI with legal forms for dissemination to the public via PEPI's website,

14   Equine.com.  If ELS is successful in establishing that Cross-Defendants violated

15   the rights of ELS when it delivered legal forms to PEPI for use on the website

16   Equine.com, PEPI was not aware of Cross-Defendants' alleged conduct and should

17   not be liable for any purported loss established by ELS.

18       12.    If ELS sustained damages and/or injuries as alleged in the Complaint,

19   these damages were caused, entirely or in part, by Cross-Defendants as set forth

20   herein.

21       13.    If PEPI is found in some manner responsible to ELS or to anyone else

22   as a result of the events, incidents and/or occurrences alleged in the Principal

23   Action, PEPI's liability would be based solely on a derivative form of liability not

24   resulting from its conduct, but by the actions and conduct of Cross-Defendant,

25   entitling PEPI to complete indemnity from each Cross-Defendant.

26       WHEREFORE, PEPI requests judgment in its favor and that this Court

27   award total and/or comparative indemnity from each Cross-Defendant of any

28   Judgment rendered against PEPI in the Principal Action.

3

CROSS-CLAIM

## COUNT II – APPORTIONMENT OF FAULT

### (Under California Law)

14. Paragraphs 1 - 13 are incorporated herein by reference.

15. Each Cross-Defendant was responsible, in whole or in part, for the damages and/or injuries, if any, sustained and alleged by ELS in the Principal Action.

16. If PEPI is adjudged liable to ELS, each Cross-Defendant should be required to: (a) pay a share of ELS' judgment which is proportionate to the comparative negligence of that Cross-Defendant in causing ELS' damages and/or injuries; and (b) to reimburse PEPI for any payments made to ELS in excess of PEPI's proportionate share of all Cross-Defendants' negligence.

WHEREFORE, PEPI requests judgment in its favor and that this Court award Judgment in a proportionate share from each Cross-Defendant.

## COUNT III – PROFESSIONAL NEGLIGENCE

### (Under California Law)

17. Paragraphs 1 - 16 are incorporated herein by reference.

18. PEPI is informed and believes, and on that basis alleges, that from on or about July 18, 2005 to on or about 2006, BUNTROCK was acting as the agent, servant, employee or representative of S&P, and in so doing the things alleged during such period, was acting within the course and scope of that agency, servitude, employment or representation.

19. PEPI is informed and believes, and on that basis alleges, that at all relevant times, BUNTROCK was an Arizona licensed attorney employed by S&P, an Arizona based law firm.

20. PEPI hired BUNTROCK and S&P as its lawyers to develop or otherwise provide PEPI with legal forms for dissemination to the public via PEPI's website, Equine.com. Therefore, an attorney-client relationship existed between PEPI, on the one hand, and Cross-Defendants, and each of them, on the other hand.

4

21.    As professionals, Cross-Defendants, and each of them, had a duty to use such skill, prudence, and diligence as other members of his or its profession commonly possess and exercise.

22.    PEPI is informed and believes, and on that basis alleges, that if ELS establishes that Cross-Defendants violated ELS's rights relating to providing legal forms to PEPI, then Cross-Defendants, and each of them, breached their duty to PEPI by acting negligently.

23.    If ELS establishes the violation of its rights by Cross- Defendants, than as a direct and proximate cause of Cross-Defendants' conduct and actions alleged by ELS in the Principal Action, PEPI has been injured by being named in the Principal Action and incurring fees and costs to defend the Principal Action.

24.    PEPI has suffered actual loss or damage in an amount to be proven at trial as a result of Cross-Defendants' conduct as alleged in the Principal Action.

WHEREFORE, PEPI requests judgment in its favor and requests that this Court award damages in an amount to be proven at trial incurred as a result of Cross-Defendants' conduct.

## RELIEF

PEPI seeks judgment in its favor awarding it all of the relief set forth below:

1.    Cross-Defendants should be ordered to indemnify PEPI for all losses, expenses, legal fees and costs incurred relating to the Principal Action;

2.    Cross-Defendants should be ordered to pay their proportionate share of any award in the Principal Action, if any, and to reimburse PEPI for any payment made in excess of PEPI's proportionate fault, if any;

3.    For general and special damages arising out of Cross-Defendants' conduct as alleged herein and in the Principal Action;

4.    For the return of all legal fees paid to Cross-Defendants relating to the conduct alleged herein and in the Principal Action;

5.    For costs of suit incurred herein; and

5

CROSS-CLAIM

1      6.     For such other and further relief as the Court deems just and proper.

Dated:     November 30, 2007     PEPPER HAMILTON LLP

By:_____/s/_____
      MICHAEL L. MEEKS
      Attorneys for Defendant
      PRIMEDIA ENTHUSIAST
      PUBLICATIONS, INC.,
      erroneously sued as EQUINE.COM

## **JURY TRIAL DEMAND**

PEPI hereby demands its right to jury trial concerning all claims, defenses and issues presented in ELS's Complaint, PEPI's Answer to the Complaint, PEPI's Cross-Complaint and any answer or response to this Cross-Complaint filed by Cross-Defendants.

Dated:     November 30, 2007     PEPPER HAMILTON LLP

By:_____/s/_____
      MICHAEL L. MEEKS
      Attorneys for Defendant
      PRIMEDIA ENTHUSIAST
      PUBLICATIONS, INC.,
      erroneously sued as EQUINE.COM

6

**PROOF OF SERVICE**

        I am employed in the County of Orange, State of California, am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1700, Irvine, California. I am over the age of 18 and not a party to the action. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.

On the date set forth below, I served the foregoing documents described as **Cross-Claim of Defendant Equine.Com For (1) Equitable Indemnity; (2) Apportionment of Fault; and (3) Professional Negligence** on all interested parties in this action by placing [   ] the original [ X] a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Steven A. Ellenberg<br>Ruby & Schofield<br>125 South Market Street, Suite 1001<br>San Jose, CA 95113<br>sellenberg@rubyschofield.com<br><br>*Attorney for Plaintiff:  Equine Legal Solutions Inc.* | Timothy J. Halloran<br>Jason Fellner<br>Murphy, Pearson, Bradley & Feeney<br>88 Kearny Street, 10th Floor<br>San Francisco, CA 94108<br>Jfellner@mpbf.com<br><br>*Attorneys for Defendant:  Shane Buntrock and Sanders & Parks P.C.* |

[ X ]  ***MAIL***
    [ X ]  **STATE** - I am "readily familiar" with Pepper Hamilton's practice of collection and processing of correspondence for mailing.  Under that practice the envelope would be deposited with the U.S. Postal Service at Irvine, California, on that same date with postage thereon fully prepaid and in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
    [   ]  **FEDERAL** - I deposited such envelope in the U.S. Mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.

[ X ]  ***BY E-MAIL OR CM/EFC ELECTRONIC TRANSMISSION*** – Based on a court order or Case Management/Electronic Case Filing System, the parties agree to accept service by e-mail or electronic transmission.  I caused the documents to be sent to the  e-mail address of the addressee(s) via CM/ECF court system.

[ X ]  *(State)* I declare under penalty of perjury under the laws of the State of California that the above  is true and correct.

[   ]  *(Federal)* I declare under penalty of perjury under the laws of United States of America that the above  is true and correct.

        I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.
Executed on November 30, 2007, at Irvine, California.

RAQUEL MORENO