Michael L. Meeks, Esq. (State Bar No. 172000)
Pepper Hamilton LLP
5 Park Plaza, Suite 1700
Irvine, California 92614
Telephone: 949.567.3500
Fax: 866.777.8799
Meeksm@pepperlaw.com

Attorneys for PRIMEDIA ENTHUSIAST PUBLICATIONS, INC., erroneously sued as EQUINE.COM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHANE BUNTROCK, an individual; SANDERS & PARK, P.C., an Arizona professional corporation; and EQUINE.COM, INC., a Delaware corporation,<br><br>Defendants. | Case No. C07 04976 CRB<br><br>[Assigned for all purposes to the Hon. Charles R. Breyer, Dept. 8]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>Date: January 11, 2008<br>Time: 10:00 a.m.<br>Dept.: 8 |

## I. INTRODUCTION.

Plaintiff Equine Legal Solutions, Inc. ("ELS") failed to register its legal forms with the United States Copyright Office prior to the alleged infringement by defendants. In fact, ELS waited over two years from the time it first published the legal forms on its website until it registered those forms with the Copyright Office as required by Title 17, United States Code, section 408(f). ELS' registration for copyrights took place after it allegedly learned that the documents had been infringed by defendants. Because ELS failed to register with the Copyright Office prior to the alleged infringement and the registration did not take place within the three-month grace period after ELS first published the legal forms, ELS cannot recover statutory damages and attorneys' fees under the Copyright Act. See 17 U.S.C. § 412. As a result, this Court should strike ELS' request for statutory damages and attorneys' fees.

Moreover, ELS cannot recover attorneys' fees under California Business & Professions Code sections 17200, et seq. because ELS has not pleaded and cannot show that its lawsuit confers a substantial benefit upon the general public or a large class of persons as required under California Code of Civil Procedure section 1021.5. Likewise, ELS cannot recover punitive damages for defendants' alleged intentional tortuous conduct because ELS fails to plead facts supporting "oppression, malice, or fraud" as required under California Civil Code section 3294. Consequently, the Court also should strike ELS' request for punitive damages as improper.

## II. STATEMENT OF FACTS.

ELS provides equine-related legal services, including legal forms for use in equine transactions. Defendant Primedia Enthusiast Publications, Inc. ("PEPI"), which has erroneously been sued as Equine.com, Inc., is a company hosted website that sells and displays equine-related advertising for buyers and sellers throughout the United States. PEPI owns the Equine.com website.

Defendant Shane Buntrock, a former partner at the firm Sanders & Parks, at one time served as counsel for Equine.com.

ELS' complaint alleges the following facts: defendants Shane Buntrock and his former law firm Sanders & Parks were retained by co-defendant Equine.com (which is actually PEPI) to develop or otherwise provide Equine.com with legal forms for dissemination to the public via the Equine.com website. In June 2004, ELS and Equine.com operated separate booths at the 2004 Western States Horse Expo in Sacramento, California. At the Horse Expo, Aaron Bromagem, visited the ELS booth and spoke to Erin McCart, ELS's marketing director. Mr. Bromagem also spoke with Rachel Kosmal McCart, ELS' employee and senior counsel, about including ELS' equine forms on the Equine.com website. Mr. Bromagem and Ms. Kosmal McCart did not reach any agreement regarding use of ELS' forms on the Equine.com website.

On or around July 18, 2005, defendant Shane Buntrock allegedly visited ELS' website, agreed to the terms of the License Agreement, paid $99.98 for two equine legal forms, and subsequently downloaded those two forms. The two equine legal forms Mr. Buntrock allegedly purchased were: (1) the "On Site Breeding Agreement," and (2) "Equine Installment Sale Agreement." The License Agreement, attached as Exhibit A to the plaintiff's Complaint, provided for a personal use limitation on the documents and a provision that stated that the documents are protected under the United States copyright laws.

On or before March 7, 2007, ELS' employee, Ms. Kosmal McCart, allegedly received an email newsletter from the Equine.com website stating that free equine forms were available on the Equine.com website. Plaintiff has alleged that on or before March 7, 2007, ELS' forms were made available, without authorization, on the Equine.com website. ELS has identified nine legal documents that plaintiff contends contain identical or nearly identical language contained in the "ELS Installment Sale Agreement" previously licensed to Mr. Buntrock. In addition,

MEMORANDUM OF POINTS AND AUTHORITIES

1  ELS has identified several sections of the "On Site Breeding Agreement" on the
2  Equine.com website that ELS contends were identical or nearly identical to sections
3  of the ELS Breeding Agreement licensed to Mr. Buntrock.
4    On or about March 7, 2007, Ms. Kosmal McCart spoke with Mr. Bromagem
5  and informed him that certain forms on the Equine.com website infringed ELS's
6  copyrighted forms. Mr. Bromagem stated that the forms were drafted by Mr.
7  Buntrock. Ms. Kosmal McCart then spoke with Mr. Buntrock who stated that he
8  had purchased forms from ELS and that the Equine.com website would remove the
9  allegedly infringing portions from forms offered on its website. After the alleged
10 infringement and over two years from the time that ELS first published the forms,
11 ELS registered the forms with the U.S. Copyright Office.
12   On March 30, 2007, ELS registered a "Legal form agreement for selling a
13 horse on installments and associated instructions" with the United States Copyright
14 Office. The Certificate of Registration, attached as Exhibit C to ELS' Complaint,
15 provides that the legal form was first published January 14, 2004. On April 2,
16 2007, ELS registered a "Legal form agreement for breeding a horse and associated
17 instructions" with the United States Copyright Office. The Certificate of
18 Registration, attached as Exhibit D to ELS' Complaint, provides that the legal form
19 was first published on January 1, 2005.
20   On or about May 4, 2007, PEPI, through a letter from its counsel, stated that
21 it had removed the allegedly infringing language from the disputed forms and had
22 posted revised versions of the forms on the Equine.com website.
23 On or about May 9, 2007, Ms. Kosmal McCart visited the Equine.com website and
24 determined that six allegedly infringing forms remained unchanged. On or about
25 July 9, 2007, Ms. Kosmal McCart again reviewed the website and determined that
26 at that time only one allegedly infringing form remained unchanged. Accordingly,
27 at most, ELS alleges that defendants' publication of the copyrighted documents
28 lasted four months.

4

MEMORANDUM OF POINTS AND AUTHORITIES

Following ELS' registration of its forms with the U.S. Copyright Office, ELS subsequently filed this action for federal copyright infringement, breach of contract, intentional interference with prospective economic advantage, conversion, and unfair competition under California Business and Professions Code § 17200, et seq.

### III. THIS COURT IS AUTHORIZED TO STRIKE DEFECTIVE AND/OR IRRELEVANT PORTIONS OF ELS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(F)

A motion to strike is the primary method of attacking defects or irrelevant matter contained in a pleading that cannot be addressed in an F.R.C.P. 12(b)(6) motion to dismiss. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517, 534-535 (1994). For instance, a motion to strike is the proper method to strike a prayer for relief which seeks damages that are specifically disallowed as a matter of law. Bureerong v. Uvawas, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996). Here, ELS' request for statutory damages, attorney fees, and punitive damages is improper and unauthorized, and cannot be supported by law.

#### A. ELS' Request for Statutory Damages Under the Copyright Act Is Not Authorized as a Matter of Law.

ELS requests statutory damages pursuant to the United Stated Copyright Act based on defendants' alleged infringement of ELS' copyrighted legal form. Complaint, ¶¶ 65-67. However, ELS cannot obtain the requested relief because ELS failed to register its published work with the United States Copyright Office prior to the alleged infringement and not within the three-month grace period permitted under Title 17, United States Code, section 412(2) ("Section 412").

Pursuant to the Copyright Act, neither statutory damages nor attorneys' fees are available for ELS if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective

MEMORANDUM OF POINTS AND AUTHORITIES

date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; Oddo v. Ries, 743 F.2d 630, 634-635 (9th Cir. 1984); Getaped.com, Inc. v. Cangemi, 188 F.Supp.2d 398, 400 (S.D.N.Y. 2002).

Application of Section 412 is straightforward as applied to this case and automatically precludes ELS' ability to recover statutory damages and attorneys' fees under the federal Copyright Act. ELS' first copyright registration form, attached as Exhibit C to its Complaint, provides that one of the allegedly infringing documents, entitled "Legal form agreement for selling a horse on installments and associated instructions" was first published on January 14, 2004, but was not registered until March 30, 2007. ELS' second copyright registration form, attached as Exhibit D to the Complaint, provides that the other allegedly infringing document, entitled "Legal form agreement for breeding a horse and associated instructions" was first published on January 1, 2005, but was not registered until April 2, 2007. ELS alleges that defendants violated the federal copyright law by copying and publicly displaying those copyrighted legal documents on or about March 7, 2007. Thus, ELS' copyright registrations came after the alleged infringement and ELS waited over two years from first publication to register its documents. Indeed, ELS registered the documents only after defendants allegedly copied, distributed, and published their copyrighted documents on the Equine.com website. According to Section 412, such a delay automatically precludes ELS' ability to receive an award of statutory damages and attorneys' fees. 17 U.S.C. § 412.

Because the alleged infringement commenced before the effective date of registration and ELS did not register its work within the three-month grace period permitted by Section 412, plaintiff cannot recover statutory damages under Title 17, United States Code, section 504. Statutory damages are simply not available to ELS in this case. ELS' only recovery available under the Copyright Act, is actual

MEMORANDUM OF POINTS AND AUTHORITIES

damages it suffered from the alleged infringement of ELS' legal forms. 17 U.S.C. § 504(b); Oddo, supra, 743 F.2d at 634-635. As a result, plaintiffs request for statutory damages should be stricken as contrary to the Copyright Act's plain wording.

**B.    ELS' Request for Attorneys' Fees under the Copyright Act Is Not Authorized as a Matter of Law.**

ELS also requests attorneys' fees and costs pursuant to Title 17, United States Code, section 505. Complaint, ¶ 67. However, Section 505 provides that the court has discretion to award attorneys' fees to the prevailing party as part of the costs, "*except as otherwise provided by this title.*" Id. (emphasis added). As discussed above, Section 412 limits an award of statutory damages and of attorneys' fees, otherwise available under sections 504 and 505, to only those plaintiffs whose work has been preregistered under section 408(f) or whose work falls within the three-month grace period. As described above, ELS has not complied with the preregistration requirement and its work does not fall within the three-month grace period after first publication. As a result, ELS cannot recover statutory damages and attorney fees. 17 U.S.C. § 412; Oddo, supra, 743 F.2d at 634-635; Getaped.com, supra, 188 F.Supp.2d at 400. Because ELS is precluded from an award of attorneys' fees pursuant to Section 412, the Court should strike ELS' request for attorneys' fees as unauthorized and improper under the Copyright Act.

**C.    ELS' Request for Attorneys' Fees Under the California Unfair Competition Law Is Not Authorized as a Matter of Law.**

ELS alleges that defendants engaged in unlawful business practices and unfair competition in violation of California Business and Professions Code sections 17200, et seq., also known as California's Unfair Competition Law ("UCL"). Section 17200 prohibits "unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." See Daly v.

MEMORANDUM OF POINTS AND AUTHORITIES

Viacom, Inc., 238 F.Supp.2d 1118, 1126 (N.D. Cal. 2002).  The UCL makes no provision for attorneys' fees, and "relief is generally limited to injunctive relief and restitution."  Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158, 1179 (2d Dist. 2002); see also Cal. Bus. & Prof. Code §17200, et seq.  However, when adjudicating a claim under the UCL, the Court may award attorney fees to a successful litigant only under the very limited circumstance where the plaintiff acts as a private attorney general and demonstrates that the litigation's outcome will confer "a significant benefit" on the general public or a large class of persons.  Cal. Civ. Proc. Code, § 1021.5; Jackson v. Surkie, 255 F.Supp.2d 1096, 1107-1108 (N.D. Cal. 2003).

   Here, ELS seeks attorneys' fees and costs for violations of the UCL.  ELS bases its request for attorneys' fees and costs solely on alleged harm it alone incurred as a result of defendants' alleged unfair business acts and practices.  The UCL will not allow plaintiff to recover attorneys' fees and costs solely on account of its own injury.  Cal. Civ. Proc. Code, § 1021.5.  ELS must instead show that a successful lawsuit stopping defendants' unlawful conduct confers "a significant benefit" on the general public or a large class of persons.  As ELS' complaint currently reads, no allegation has been made showing that the litigation will confer "a significant benefit" to anyone other than ELS.  ELS cannot plead around this glaring deficiency, and for that reason, plaintiff cannot recover attorneys' fees and costs under the UCL.

   ELS' requests for attorneys' fees and. costs under both the federal Copyright Act and California's UCL are improper.  Because ELS' requests for attorneys' fees and costs are not permitted, those requests should be stricken from ELS' Complaint.

///

///

**D.  ELS' Request for Punitive and Exemplary Damages Should Be Stricken as Improper.**

ELS also requests punitive damages under California Civil Code section 3294 as a result of defendants' alleged intentional interference with prospective economic advantage and alleged conversion. Pursuant to Civil Code section 3294, punitive damages may be recovered only when it is shown that the defendant was guilty of "oppression, fraud, or malice." ELS has not made such a showing. Instead, plaintiff's bare conclusory allegations of "oppression, malice, and fraud" do not meet the required specificity to support such a prayer for damages. An award of punitive and exemplary damages cannot be based upon mere speculation; it depends instead on a definite showing of a willingness to vex, harass or injure consistent with a wrongful intent to injure. Roth v. Shell Oil Co., 185 Cal.App.2d 676, 682 (1960) (disapproved on other grounds by Templeton Feed and Grain v. Ralston Purina Co., 69 Cal.2d 461 (1968). Here, ELS has not stated any facts that could support a prayer for punitive and exemplary damages. As a result, ELS' punitive and exemplary damages prayer should be stricken.

**IV.  CONCLUSION.**

For the foregoing reasons, defendant Primedia Enthusiast Publications, Inc., erroneously sued as Equine.com., Inc., respectfully requests that this Court grant its motion to strike portions of plaintiff Equine Legal Solutions, Inc.'s complaint.

Dated:   November 30, 2007          PEPPER HAMILTON LLP


                                    By:___/s/_____
                                       MICHAEL L. MEEKS
                                       Attorneys for PRIMEDIA
                                       ENTHUSIAST
                                       PUBLICATIONS, INC.,
                                       erroneously sued as
                                       EQUINE.COM, INC.

9

MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE

I am employed in the County of Orange, State of California, am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1700, Irvine, California. I am over the age of 18 and not a party to the action. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.

On the date set forth below, I served the foregoing documents described as **Memorandum of Points and Authorities in Support of Motion to Strike Portions of Plaintiff's Complaint** on all interested parties in this action by placing [ ] the original [ ✓ ] a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Steven A. Ellenberg<br>Ruby & Schofield<br>125 South Market Street, Suite 1001<br>San Jose, CA 95113<br>sellenberg@rubyschofield.com<br><br>*Attorney for Plaintiff: Equine Legal Solutions Inc.* | Timothy J. Halloran<br>Jason Fellner<br>Murphy, Pearson, Bradley & Feeney<br>88 Kearny Street, 10th Floor<br>San Francisco, CA 94108<br>Jfellner@mpbf.com<br><br>*Attorneys for Defendant: Shane Buntrock and Sanders & Parks P.C.* |

[ X ]  **MAIL**

    [ X ]  **STATE** - I am "readily familiar" with Pepper Hamilton's practice of collection and processing of correspondence for mailing. Under that practice the envelope would be deposited with the U.S. Postal Service at Irvine, California, on that same date with postage thereon fully prepaid and in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

    [ ]  **FEDERAL** - I deposited such envelope in the U.S. Mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

[ X ]  *BY E-MAIL OR CM/EFC ELECTRONIC TRANSMISSION* – Based on a court order or Case Management/Electronic Case Filing System, the parties agree to accept service by e-mail or electronic transmission. I caused the documents to be sent to the e-mail address of the addressee(s) via CM/ECF court system.

[ X ]  (*State*) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (*Federal*) I declare under penalty of perjury under the laws of United States of America that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on November 30, 2007, at Irvine, California.

RAQUEL MORENO