STEVEN A. ELLENBERG (No. 151489)
RUBY & SCHOFIELD
125 South Market Street, Suite 1001
San Jose, CA 95113
Telephone:   (408) 998-8500
Facsimile:   (408) 998-8503

Attorneys for Plaintiff
EQUINE LEGAL SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>SHANE BUNTROCK, an individual; SANDERS & PARK, P.C., an Arizona professional corporation; and EQUINE.COM, INC., a Delaware corporation,<br><br>            Defendants. | Case No. C07-04976 CRB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**<br><br>DATE: January 11, 2008<br>TIME: 10:00 a.m.<br>DEPT: 8<br>JUDGE: Hon. Charles Breyer |

**I.    PRELIMINARY STATEMENT**

Plaintiff Equine Legal Solutions, Inc. ("ELS" or "plaintiff") submits the following opposition to the motions to strike filed first by defendants Shane Buntrock and Sanders & Park, P.C. ("Lawyers") on October 17, 2007, and then by Primedia Enthusiast Publications erroneously sued as Equine.com, Inc. ("Primedia") (collectively "defendants"). The motions to strike are identical. Defendants seek to strike plaintiff's alternative claim for statutory damages and legal fees under 17 U.S.C. § 504(c) and 505 contained at paragraphs 66 and 67 of plaintiff's complaint. Defendants seek to strike plaintiff's claim for punitive damages in connection with its claim for interference with prospective economic advantage and conversion contained at

paragraphs 82 and 87 of its complaint. Finally, defendants also seek to strike plaintiff's claim for attorney's fees in connection with its section 17200 claim at paragraph 92, line 20-21 of its complaint.

Plaintiff does not oppose the motion to strike its alternative claim for statutory damages and attorneys fees on its first claim for relief. However, plaintiff vigorously opposes defendants' attempt to strike its claim for punitive damages and attorneys fees on the 17200 claim. With respect to these particular items, defendants' motion is misguided. According to defendants, plaintiff has not made a sufficient showing to warrant punitive damages. However, this is a pleading motion. A federal pleading "is not required to allege all, or any, of the facts entailed by the claim." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000). Thus, a general averment of malice, fraud or oppression is suppression is sufficient to state a claim for punitive damages. Regardless, the facts alleged show defendants malicious conduct.

In addition, the motion is premature with respect to plaintiff's claim for attorney's fees on its unfair competition claim. Plaintiff alleges that defendants' actions "impaired fair and honest competition" and "otherwise significantly harmed competition in the market for equine legal services and equine legal forms." Complaint, ¶90. Redressing this wrong is the type of public benefit for which plaintiff is entitled to recover its legal fees. The Court should deny the motion with respect to punitive damages and unfair competition legal fees.

## II. SUMMARY OF ALLEGATIONS

The following allegations are responsive to this motion. Plaintiff is a provider of equine related legal services. Complaint, ¶5. Plaintiff licenses its legal forms for a fee through its website. *Id.* Defendant Primedia is the self proclaimed "World's Largest Horse Market Place". Complaint, ¶8. Primedia sells horse related products and advertising through it equine.com website. *Id.* Defendants Buntrock and Sanders & Park are/were Primedia's counsel. Complaint, ¶s 6,7, 11-13.

In June 2004, Primedia attempted to, but did not reach an agreement with plaintiff to include plaintiff's legal forms on Primedia's website. Complaint, ¶s 14-19. In July 2005,

- 2 -

defendants, through Buntrock, purchased two of plaintiff's forms and agreed to the terms of plaintiff's click-through license agreement (the "license agreement"). Complaint, ¶s 20-28. In doing so, defendants specifically agreed that their use of the plaintiff's forms would be limited to "personal and non-commercial use." Complaint, ¶ 26. Defendants also acknowledged that plaintiff's materials were protected by United States copyright law. *Id.*

In March 2007, plaintiff learned that defendants had no intention of complying with the license agreement. Complaint, ¶s 29-37. Instead, defendants posted multiple legal forms on its website that contained entire sections and other material language taken directly from plaintiff's forms. Complaint, ¶s 35-37. Plaintiff thereafter informed defendants that it had discovered their illegal use of plaintiff's work. Complaint, ¶s 38-40. Defendants agreed to remove the forms on March 16, 2007. Complaint, ¶s 41-43. However, as of July 2007, many of the forms being passed off as the original work of defendants, still contained infringing language. Complaint, ¶s 44-55.

Plaintiff initiated this lawsuit on September 25, 2007. The complaint contains five claims for relief. The first and second claims are for copyright infringement and breach of contract. Plaintiff seeks punitive damages in connection with its third and fourth claims. In the third claim for relief, plaintiff alleges that defendants interfered with its relationship with its customers by posting plaintiff's forms on defendants' website and falsely passing them off as defendants' original work. In the fourth claim, plaintiff alleges that defendants converted plaintiff's forms.

Plaintiff seeks attorneys fees in connection with its fifth claim for unfair competition and California Business and Professions Code §17200. In that claim, plaintiff alleges that defendants' misappropriation of plaintiff's forms constitutes an unfair business practice. Plaintiff alleges that defendants actions impaired and harmed competition. Complaint, ¶90.

### III. LEGAL ARGUMENT

#### A. Standard

A motion to strike under Federal Rules of Civil Procedure, Rule 12(f) is viewed with "disfavor". *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could

- 3 -

have no possible bearing on the subject matter of the litigation."). In reviewing a Rule 12(f) motion, the Court presumes the truth of the facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *State of California v. United States,* 512 F.Supp. 36, 39 (D.C. Cal.1981). Further, in evaluating this motion, the court should also consider "the function of a 12(f) motion to strike[, which] is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ..." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983).

### B.    The Court Should Not Strike Plaintiff's Prayer for Punitive Damages

Defendants seek to strike plaintiff's prayer for punitive damages on the grounds that plaintiff has not made the required showing of "oppression, malice or fraud" to support its prayer for punitive damages. See, Lawyers Moving Papers, p. 6:21-22. Defendants fail to identify any particular allegations to support their generalized contention. Defendants are wrong on the law and the facts. In federal court, a plaintiff is not required to set out all of the facts that support its claim. *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir.1997) Instead, all that is required is a short and plain statement that gives the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

In *Cardinale v. La Petite Academy, Inc.,* 207 F.Supp.2d 1158 (D. Nev. 2002) the Court rejected an argument identical to that made by defendants here. The defendant sought to strike a claim for punitive damages because the conduct alleged by plaintiff did not "show 'oppression, fraud or malice'". *Id.,* at 1162. The Court rejected the motion, holding that defendants were improperly "asking [the] Court to weigh the sufficiency of the evidence-evidence which has not yet even been offered." *Id.*

In this case, the specific facts alleged by plaintiff in its complaint support its allegations of oppression, malice and fraud. Defendants expressed an interest in using plaintiff's legal forms. A deal could not be reached. Instead, defendants stole plaintiff's forms and passed them off as their own. They did not take them down when they learned that plaintiff discovered their theft. These facts show that plaintiff is entitled to punitive damages. See *U.S.A. Nutrasource, Inc. v. CAN Insurance Co.* 140 F. Supp 2d 1049, 1056 (N.D. Cal. 2001)

Defendants cite no federal authority for striking plaintiff's prayer for punitive damages. The only case they cite is *Roth v. Shell Oil Co*, 185 Cal.App.2d 676, 682 (1960) which is not a pleading case. In *Roth*, the appellate court affirmed a punitive damage award after a trial in a trespass case, finding sufficient evidence existed to support the award.

### C. The Court Should Not Strike Plaintiff's Prayer for Attorney's Fees in Connection with Its Unfair Competition Claim.

Paragraph 92 of plaintiff's complaint makes a claim for attorney's fees under the California unfair competition law, Business and Professions Code § 17200. Although section 17200 does not provide for attorneys fees as a matter of right, attorney's fees are awarded in 17200 cases pursuant to Code of Civil Procedure §1021.5 where the litigation has resulted "in the enforcement of an important right affecting the public interest." According to defendants, there are no facts in this case as plead, or that could be plead, that would support fees under this statute. However, plaintiff specifically seeks to redress harm to competition in the market for equine legal forms. Complaint, ¶90. Therefore, it is premature to resolve this issue at this time since the Court has heard no evidence regarding Primedia's dominance of the market for equine legal services and forms and the impact defendants' usurpation of plaintiff's forms had on that market.

## IV. CONCLUSION

For the above reasons, the Court should deny defendants' motion to strike with respect to punitive damages and attorneys' fees associated with the fifth claim for relief.

DATED: December 11, 2007                    RUBY & SCHOFIELD

BY _____
STEVEN A. ELLENBERG
Attorneys for
EQUINE LEGAL SOLUTIONS, INC.