1  Timothy J. Halloran - 104498
   Jason E. Fellner - 245364
2  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
3  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
4  Fax:    (415) 393-8087

5  Attorneys for
   DEFENDANTS SHANE BUNTROCK AND SANDERS & PARKS, P.C.
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10

11  EQUINE LEGAL SOLUTIONS, INC., a California    Case No.: C07-04976-CRB
    corporation,
12                                               **DEFENDANTS SHANE BUNTROCK AND**
            Plaintiff,                           **SANDERS & PARKS P.C.'S**
13                                               **MEMORANDUM OF POINTS AND**
    v.                                           **AUTHORITIES IN REPLY TO**
14                                               **PLAINTIFF'S OPPOSITION TO**
    SHANE BUNTROCK, an individual; SANDERS       **DEFENDANTS' MOTION TO STRIKE**
15  & PARKS, P.C., an Arizona professional
    corporation; and EQUINE.COM, Inc., a Delaware
16  corporation,

17          Defendants.

18

19                    I.    **INTRODUCTION**

20       Plaintiff Equine Legal Solutions (hereinafter "ELS") does not oppose Defendants' Motion to

21  Strike Plaintiff's claim for statutory damages and attorneys fees on its first claim for relief under 17

22  U.S.C. § 412 of the U.S. Copyright Act.  Plaintiff does, however, oppose Defendants' Motion to Strike

23  as to Plaintiff's claim for (1) punitive damages in connection with its California claims for interference

24  with prospective economic advantage and conversion, and (2) attorney's fees in connection with its

25  California Bus. & Prof. Code § 17200 claim.

26       Plaintiff's opposition does not adequately address the apparent defects in ELS's Complaint

27  brought to light by Defendants' Motion to Strike.  For instance, Plaintiff has not plead facts showing

28  that this lawsuit would confer a significant public benefit warranting the imposition of attorneys fees

- 1 -

1  and costs pursuant to California Code of Civil Procedure § 1021.5.  Moreover, Plaintiff has not plead

2  facts showing "oppression, fraud, or malice," which would give rise to punitive damages under Civil

3  Code § 3294.  Consequently, the Court should grant Defendants' Motion to Strike in its entirety.

4  ## II.    LEGAL ARGUMENT

5  ### A.    Plaintiff's Request for Attorney's Fees Under the California Unfair Competition Law Is Not Authorized as a Matter of Law

6  Plaintiff agrees that California's Unfair Competition Law ("UCL"), Business and Professions

7  Code § 17200, does not provide for attorneys fees as a matter of right, but only in 17200 cases where

8  the litigation results "in the enforcement of an important right affecting the public interest."  *See* Cal.

9  Code of Civ. Pro. § 1021.5.  In its opposition, Plaintiff argues that the Court should not strike

10 Plaintiff's prayer for attorney's fees in connection with its California Unfair Competition Claim under

11 § 17200 because Plaintiff's Complaint against Defendants for copyright infringement constitutes an

12 important right affecting the public interest.  In the alternative, Plaintiff argues, without legal authority,

13 that it is premature for the Court to resolve the UCL issue at this time.  Plaintiff misunderstands the

14 scope and reach of § 1021.5 and Plaintiff ability to recover attorney's fees and costs under that section.

15 As set forth in Defendants' moving papers, the UCL does not permit  plaintiff to recover

16 attorneys' fees and costs solely on account of its own injury.  *See* Cal. Code of Civ. Pro. § 1021.5.

17 When adjudicating a claim under the UCL, the court may award attorney fees to a successful litigant,

18 in very limited circumstances, where the plaintiff acts as a private attorney general and demonstrates

19 that the litigation's outcome will confer "a significant benefit" on the general public or a large class of

20 persons.  Cal. Code of Civ. Pro. § 1021.5; <u>Jackson v. Surkie</u>, 255 F.Supp.2d 1096, 1107-1108 (N.D.

21 Cal. 2003).

22 In <u>Jackson</u>, *supra*, 255 F.Supp.2d 1096, a songwriter brought a copyright lawsuit against a

23 musician who performed the songwriter's song.  The songwriter alleged copyright infringement as well

24 as violations of the Lanham Act and California's Unfair Competition Law.  <u>Id</u>.  In ruling on a default

25 judgment, the Court determined that the songwriter failed to adequately plead that a significant public

26 benefit would result from the lawsuit, which precluded Plaintiff's recovery of attorneys fees and costs

27 pursuant to C.C.P. § 1021.5.  <u>Id</u>. at 1108.  Because the songwriter failed to demonstrate through its

28

- 2 -

1   pleadings that a significant public benefit would result from the lawsuit, the Court refused to permit the

2   songwriter to recover attorneys fees and costs. Id.

3        Similarly, ELS has failed to demonstrate through its pleadings that a significant public benefit

4   would result from this lawsuit.  ELS's copyright lawsuit centers on the harm incurred by ELS, and

5   ELS alone.  Absent an allegation showing a significant public benefit would result from this lawsuit,

6   Plaintiff cannot claim attorneys fees and costs in connection with its § 17200 claim against Defendants.

7   Indeed, Plaintiff's Complaint contains no allegation showing that the litigation will confer "a

8   significant benefit" to anyone other than ELS.  As was the case in Jackson, supra, 255 F.Supp.2d

9   1107-1008, Plaintiff's copyright claim centers on harm to itself and does not confer a substantial

10  benefit to the general public.  Plaintiff cannot plead around this glaring deficiency, and for that reason,

11  ELS cannot recover attorney's fees and costs under the UCL.

12       As such, Plaintiff's requests for attorney's fees and costs under California's UCL are improper.

13  Because Plaintiff's requests for attorney's fees and costs are not permitted, the Court should strike

14  those requests from Plaintiff's Complaint.

15  **B.**   **Plaintiff's Request for Punitive and Exemplary Damages Should Be Stricken as Improper.**

16

17       Plaintiff does not ground its claim for punitive damages in any federal law.  Instead, ELS seeks

18  punitive damages for Defendants' violations of California tort law.  Specifically, Plaintiff alleges that

19  Defendant's alleged intentional interference with prospective economic advantage and alleged

20  conversion gives rise to punitive damages.  In its opposition, Plaintiff cites Cardinale v. La Petite

21  Academy, Inc., 207 F.Supp.2d 1158 (D. Nev. 2002) for the proposition that a Plaintiff need not show

22  "oppression, fraud, or malice" to plead punitive damages.  Plaintiff's argument is wholly inapposite

23  since the federal court in Cardinale applied Nevada state law.  Application and interpretation of

24  Nevada state law is irrelevant to the instant lawsuit filed by Plaintiff, wherein Plaintiff seeks punitive

25  damages under California law.

26       Fair notice aside, Plaintiff must sill plead its substantive California claims in conformity with

27  California law.  Crow v. Wiltel Comm. Systems, 103 F.3d 897, 899 (9th Cir. 1996) (for supplemental

28  jurisdiction over related state law claims, Erie doctrine applies to the state law claims; i.e. substantive

- 3 -

1   issues are determined by state law).  The rationale of the Supreme Court's decision in <u>Erie R.R. v.</u>

2   <u>Tompkins</u>, 304 U.S. 64 (1938) explains why the standard for assessing the validity of a punitive

3   damages claim based on California state law shall be adjudicated within the confines of California

4   state law.  Specifically, the <u>Erie</u> doctrine looks to discourage forum shopping and avoid unfairness.  A

5   litigant should not be able to select a federal forum to avoid inequitable administration of the laws.

6   <u>Hanna v. Plumer</u>, 380 U.S. 460, 467 (1965).  This Court should not allow Plaintiff to avoid the

7   substantive requirements of California law codified in Cal. Civil Code § 3294 and permit Plaintiff to

8   avoid California law and generally request punitive damages in its Complaint.  Because Plaintiff's

9   claim for punitive damages is grounded in California state law, Plaintiff must show "oppression,

10  malice, or fraud" in its Complaint in order to seek punitive damages pursuant to Cal. Civil Code §

11  3294.

12      Plaintiff also cites <u>U.S.A. Nutrasource, Inc. v. CAN Insurance Co.</u> 140 F.Supp.2d 1049, 1056

13  (N.D. Cal. 2001) for the proposition that the allegations contained in the Complaint are sufficient to

14  show "oppression, fraud, or malice."  However, Plaintiff's copyright lawsuit against Defendants is

15  distinct from <u>U.S.A. Nutrasource Inc</u>, *supra*, where the Court determined that because Plaintiff

16  adequately plead a fraud cause of action, Plaintiff's claim for punitive damages survived.  <u>Id</u>.  Here, in

17  stark contrast, Plaintiff has not stated a claim for fraud or any other cause of action showing that

18  Defendants acted with the requisite "oppression, fraud, or malice" that would give rise to a claim for

19  punitive damages under Civil Code § 3294.  <u>U.S.A. Nutrasource, Inc.</u> is easily distinguished from the

20  facts and law of this case.  Indeed, Plaintiff cannot get around the obvious deficiency in its claim for

21  punitive damages because there is an absence of facts showing Defendants' "oppression, fraud, or

22  malice," which would give rise to punitive or exemplary damages.  As a result, Plaintiff's punitive and

23  exemplary damages prayer should be stricken.

24  ///

25  ///

26  ///

27  ///

28  ///

- 4 -

1

### III.   CONCLUSION

2       For the foregoing reasons, defendants Buntrock and Sanders & Parks respectfully request that

3  this Court grant their motion to strike in its entirety.

4  Dated: December 18, 2007

5                                       MURPHY, PEARSON, BRADLEY & FEENEY

6

7                              By  _____
                                    Jason E. Fellner
                                    Attorneys for
8                                   DEFENDANTS SHANE BUNTROCK AND
                                    SANDERS & PARKS, P.C.

9

10

11  JEF.10399135.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants Shane Buntrock And Sanders & Parks P.C.'S Memorandum Of Points And
Authorities In Reply To Plaintiff's Opposition To Defendants' Motion To Strike**

CERTIFICATE OF SERVICE

I, Gloria V. Joyce, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On December 18, 2007, I served the following document(s) on the parties in the within action:

**DEFENDANTS SHANE BUNTROCK AND SANDERS & PARKS P.C.'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

|  | |
|---|---|
|  | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|  | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|  | **VIA FACSIMILE:** The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following: |
| XX | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |

Michael L. Meeks                          Attorney For EQUINE.COM
Pepper Hamilton LLP
5 Park Plz, Ste 1700
Irvine, CA 92614-8503

Steven A. Ellenberg                       Attorney For Plaintiff EQUINE LEGAL
Ruby & Schofield                          SOLUTIONS, INC.,
125 South Market Street, Suite 1001
San Jose, CA 95113

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on December 18, 2007.

By _____
Gloria V. Joyce

**Defendants Shane Buntrock And Sanders & Parks P.C.'S Memorandum Of Points And Authorities In Reply To Plaintiff's Opposition To Defendants' Motion To Strike**