M. Kelly Tillery, Esq.*
Michael L. Meeks, Esq. (State Bar No. 172000)
Pepper Hamilton LLP
5 Park Plaza, Suite 1700
Irvine, California 92614
Telephone: 949.567.3500
Fax: 866.777.8799
Meeksm@pepperlaw.com
Tilleryk@pepperlaw.com

Attorneys for PRIMEDIA ENTHUSIAST PUBLICATIONS, INC., erroneously sued as EQUINE.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHANE BUNTROCK, an individual; SANDERS & PARK, P.C., an Arizona professional corporation; and EQUINE.COM, INC., a Delaware corporation,<br><br>Defendants. | Case No. C07 04976 CRB<br><br>Assigned for all purposes to the Hon. Charles R. Breyer, Dept. 8.<br><br>**DEFENDANT PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.'S (ERRONEOUSLY SUED AS EQUINE.COM, INC.) REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>Date: January 11, 2008<br>Time: 10:00 a.m.<br>Dept.: 8 |

*Application for admissions pro hac vice filed simultaneously

1

## I. **INTRODUCTION**

Plaintiff Equine Legal Solutions, Inc.'s ("ELS'") is not entitled to attorneys' fees under Code of Civil Procedure section 1021.5 ("Section 1021.5") because the primary goal in this litigation is to vindicate ELS' own financial interests, not any public interest or benefit. Indeed, the only forms ELS alleges were used and/or infringed are ELS' forms, which it sells on its website for a profit. ELS' solitary conclusion that it seeks to redress the "harm to competition in the market for equine legal forms" is insufficient to show any connection to a public interest.

Primedia moved to strike the following prayers for relief in ELS' complaint: (1) alternative relief for statutory damages and legal fees as to the first cause of action for alleged copyright infringement under 17 U.S.C. sections 504(c) and 505 (Complaint, ¶¶ 66, 67 & "statutory damages" in prayer for relief, ¶ 3, p. 14, line 6); (2) punitive damages as to the third and fourth causes of action for intentional interference with prospective economic advantage and conversion, respectively (Complaint, ¶¶ 82, 87 & prayer for relief, ¶ 4, p.14, line 8); and (3) attorneys' fees and costs for the fifth cause of action for unfair competition under California Business and Professions Code, section 17200 (Complaint, ¶ 92 & prayer for relief, p. 14, ¶ 5).

ELS does not oppose the motion to strike its alternative prayer for statutory damages and attorneys' fees for alleged copyright infringement under 17 U.S.C. sections 504(c) and 505. Accordingly, this Court should strike any references to statutory damages and/or legal fees from paragraphs 66, 67 of the Complaint and paragraph 3 of the prayer for relief (at p. 14, line 6). As to ELS' prayer for punitive damages, ELS fails to plead anything beyond the conclusion that Primedia "acted with oppression, malice, and fraud," and certainly pleads no facts to show that Primedia acted with any oppression, malice, and fraud. ELS' request for attorneys' fees under Section 12021.5 should be stricken because the primary focus of the

litigation is ELS' personal claim for damages; any alleged public interest served is de minimis, at best.

## II. THIS COURT IS AUTHORIZED TO STRIKE A DEMAND FOR ATTORNEYS' FEES UNDER SECTION 1021.5 BECAUSE ELS SEEKS ONLY PERSONAL ECONOMIC DAMAGES

ELS concedes that it is not entitled to claim attorneys' fees under Business and Professions Code section 17200. Rather, ELS argues that it may recover attorneys' fees under Section 1021.5 because it "seeks to redress harm to competition in the market for equine legal forms."

To recover attorneys' fees under Section 1021.5, a plaintiff must show that (1) the action has resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit has been conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement are such as to make the award appropriate. Cal. Civ. Code, § 1021.5; Advanced Micro Devices, Inc. v. National Semiconductor Corporation, 38 F. Supp. 2d 802, 815 (N.D. Cal. 1999). The purpose of Section 1021.5 is to encourage suits effectuating a strong public policy that benefit a broad class of citizens or to enforce common interests of significant societal importance. Woodland Hills Residents Association, Inc. v. City Council of Los Angeles, 23 Cal. 3d 917, 925-26 (1979); see, e.g., Washburn v. Glassey, 195 Cal. App. 3d 578, 584 (affirming Section 1021.5 attorneys' fee award 1021.5 where the action sought to ensure the accuracy of arguments presented on voters' ballots).

ELS' arguments that motions to strike are "disfavored" or that this motion to strike is "premature" to resolve the Section 1021.5 attorneys' fee issue are misplaced. Courts routinely strike demands for attorneys' fees under Section 1201.5 and dispose of the issue when a plaintiff fails to allege any significant public interest in the suit. See, e.g., Eldorado Stone, LLC v. Renaissance Stone, Inc., 2005 U.S. Dist. LEXIS 45238, at * 32 (S.D. Cal. May 2005) (granting motion to strike

1   Section 1021.5 attorneys' fees demand where the plaintiff did not identify any
2   public interest implicated by its unfair competition claims under Business and
3   Professions Code section 17200).  A conclusory statement that an action would
4   benefit the general public is not sufficient to withstand a motion to strike.  See
5   Acme Fill Corporation, 1995 U.S. Dist. LEXIS 22307 at *5-10 (striking claim for
6   attorneys' fees because a mere conclusion that the suit would confer a benefit to the
7   general public is insufficient and plaintiff failed to allege facts to show that the
8   public would derive any benefit form the lawsuit).

9         Moreover, a plaintiff must **allege facts** showing that its pecuniary interest in
10  the matter is so small that it would not warrant suit.  Id., 1995 U.S. Dist. LEXIS
11  22307, at *7-8.  Section 1021.5 "is not a method for rewarding litigants motivated
12  by their own pecuniary interest who only coincidentally protect the public interest."
13  Id. (citing Wallis v. Farmers Group, Inc., 200 Cal. App. 3d 718, 741 (1990)).
14  Therefore, an award of attorneys' fees under Section 1021.5 is improper where the
15  primary effect of a lawsuit is to **advance or vindicate the plaintiff's personal**
16  **economic interests**, even if some incidental public interest may be served by a
17  lawsuit.  Advanced Micro Devices, Inc. v. National Semiconductor Corporation, 38
18  F. Supp. 2d 802, 815 (N.D. Cal. 1999).

19        For example, in Advanced Micro Devices, the plaintiff was ordered by the
20  Environmental Protection Agency to clean up contamination at one of its sites
21  (though it was not responsible for the contamination).  38 F. Supp. 2d at 806-07.
22  The plaintiff then brought a contribution action and sought to recoup cleanup costs
23  and/or its attorneys' fees under Section 1021.5 from the defendants on the grounds
24  that the clean up conferred a benefit on the public.  Id. at 815.  The court held that
25  the plaintiff was not entitled to attorneys' fees because it had a "strong personal,
26  financial incentive to bring suit" and that any public benefit was merely incidental
27  to the plaintiff's interest.  Id.
28

ELS' interest in this litigation is driven by its own personal economic interests. It has a strong financial incentive to bring the suit to allegedly protect ELS' sale of legal forms on the internet. ELS' has not alleged or shown that this action would serve any public interest. Indeed, ELS relies on the single flimsy conclusion that that the action "seeks to redress harm to competition in the market for equine legal forms." However, the only legal forms ELS even addresses in its complaint are its own. Clearly, the "public interest" in this action is de minimis, if any, and only incidental to ELS' personal incentive to bring the lawsuit.

## IV. CONCLUSION

For the foregoing reasons, defendant Primedia Enthusiast Publications, Inc., erroneously sued as Equine.com., Inc., respectfully requests that this Court grant its motion to strike portions of plaintiff Equine Legal Solutions, Inc.'s complaint.

Dated: December 28, 2007                    PEPPER HAMILTON LLP

                                            By:___/s/_____
                                               MICHAEL L. MEEKS
                                               Attorneys for PRIMEDIA
                                               ENTHUSIAST
                                               PUBLICATIONS, INC.,
                                               erroneously sued as
                                               EQUINE.COM, INC.