IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., | No. C 07-04976 CRB |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE** |
| v. | |
| SHANE BUNTROCK, ET AL., | |
| Defendants. | |

Now pending before the Court are two identical motions to strike filed by Defendants Shane Buntrock and Sanders & Parks P.C., and by Defendant Primedia Enthusiast Publications, Inc. Defendants request that the Court strike Plaintiff Equine Legal Solution's ("ELS") request for attorney's fees under California Code of Civil Procedure § 1021.5, and for punitive damages pursuant to California Civil Code § 3294.[1] See Complaint ¶¶ 82, 92. Because Plaintiff Equine Legal Solutions ("ELS") has sufficiently pled oppression, malice, and fraud, the motion to strike is DENIED as to punitive damages. However, the Court GRANTS WITH LEAVE TO AMEND the motion to strike as to attorney's fees under § 1021.5 because ELS has not identified any public interest implicated by its Unfair Competition Law claim. The hearing scheduled for Friday, January 11, 2008 is VACATED.

---

[1] Plaintiff Equine Legal Solutions ("ELS") does not oppose the defendants' motion to strike its request for statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504(c), 505. Accordingly, ELS's request for statutory damages and attorney's fees under the Copyright Act of 1976 is stricken.

**BACKGROUND**

Plaintiff ELS is a company that provides equine-related services and licenses legal forms for use in equine transactions for a fee. See Compl. ¶ 1. According to the complaint, defendant Buntrock and his former law firm, Sanders & Parks, were retained by defendant Primedia to develop legal forms for equine-related services that would be disseminated to the public via website. See id. ¶ 2. Instead of developing the forms independently, Buntrock allegedly downloaded ELS's forms and passed them on to Primedia, which posted the forms on its website Equine.com for free use. See id. ¶¶ 20-37.

ELS's complaint includes five causes of action, including a claim of copyright infringement and state-based causes of action for breach of contract, intentional interference with prospective economic advantage, conversion, and unfair competition under the California Unfair Competition Law ("UCL"), California Business & Professions Code § 17200. See id. ¶¶ 56-92. As part of its claim for intentional interference, ELS argues that it is entitled to an award of punitive damages. See id. ¶ 82. According to ELS, punitive damages are justified pursuant to California Civil Code § 3294, which permits the recovery of punitive damages in actions involving "the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." The defendants move to strike the request for punitive damages on the ground that ELS has not made an adequate showing of oppression, fraud, or malice. See Primedia Mot. at 9.

ELS also seeks attorney's fees under its UCL claim, on the theory that successful prosecution of this action will result in "a significant benefit, whether pecuniary or nonpecuniary, [being] conferred on the general public or a large class of persons." Cal. Code Civ. P. § 1021.5. The defendants move to strike the request for attorney's fees because ELS has failed to adequately allege that the litigation will confer "a significant benefit" on any party other than ELS. See Primedia Mot. at 8.

2

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f).  On a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader.  See State of Cal. v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981).  Further, in adjudicating a motion to strike, the court should consider that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money[, which] arise from litigating spurious issues by dispensing with those issues prior to trial. . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Generally, Rule 12(f) motions are "disfavored" because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quotations and citations omitted).

**DISCUSSION**

A. Motion to Strike Punitive Damages

Defendants argue that ELS's request for punitive damages pursuant to § 3294 must be stricken because the plaintiff has not shown that the defendants acted with oppression, malice, or fraud.  To the extent defendants believe that ELS's statement is too indefinite, their motion must be denied.  While California law governs ELS's substantive claim for punitive damages under § 3294, the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of pleadings. Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406-07 (C.D. Cal. 2005).   Federal Rule of Civil Procedure 9(b) provides that "malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).  Where, as here, the case does not involve securities fraud, "plaintiffs may aver scienter generally, just as the rule states-that is, simply by saying that scienter existed."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc), quoted in, Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir.

2007) (en banc). Thus, it is enough that ELS's complaint alleges defendants "acted with oppression, malice, and fraud." Compl. ¶ 82.

If defendants mean to argue that the request for punitive damages must be stricken because ELS has failed to present adequate evidence of scienter, then the motion must be denied as premature. The Court will not weigh the sufficiency of evidence that has not yet been offered; "at this point in the proceedings, evaluation of the sufficiency of evidence is inappropriate." Cardinale v. La Petite Academy, Inc., 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002). The defendants should renew their motion, if at all, at the summary judgment stage.

### B. Motion to Strike Request for Attorney's Fees

Defendants move to strike ELS's request for attorney's fees under § 1021.5, arguing that there is no allegation the litigation will confer a "significant benefit" on "the general public or a large class of persons." Defendants are correct that ELS has identified no public interest implicated by its UCL claim. While the complaint alleges that the defendants "impaired fair and honest competition" by misappropriating ELS's legal forms, Compl. ¶ 90, attorney's fees awarded pursuant to § 1021.5 must be justified by reference to something more definite than the public's interest in the vague concept of "honest competition." The California legislature did not intend to authorize an award of fees in every case involving a statutory or constitutional violation, but only where the lawsuit enforces important public policies and thereby confers "a significant benefit" on "the general public or a large class of persons." Baxter v. Salutary Sportsclubs, Inc., 122 Cal. App. 4th 941, 945 (2004). While misappropriation of ELS's legal forms is, no doubt, a potential statutory violation of significance to ELS, the notion that the public has a significant interest in this case, as currently pled, is spurious. If anything, the public arguably benefitted – at ELS's expense – from free access to documents which otherwise required a fee.

///

4

1   It is appropriate to strike requests for attorney's fees under § 1021.5 where, as here,
2   the plaintiff has failed to identify a public interest implicated by the suit.  See <u>Eldorado
3   Stone, LLC v. Renaissance Stone, Inc.</u>, 2005 WL 5517732, *11 (S.D. Cal. 2005).  The Court
4   will therefore GRANT the defendants' motion without prejudice.  If ELS intends to file an
5   amended complaint identifying the public interest implicated by its UCL claim, it must do so
6   by Friday, February 1, 2008.

**IT IS SO ORDERED.**



Dated: January 9, 2008　　　　　　　　　　CHARLES R. BREYER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE