Timothy J. Halloran - 104498
Jason E. Fellner - 245364
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:    (415) 788-1900
Fax:    (415) 393-8087

Attorneys for
CROSS-DEFENDANTS SHANE BUNTROCK AND SANDERS & PARKS, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUINE LEGAL SOLUTIONS, INC., a California corporation,<br><br>        Cross-Complainant,<br><br>v.<br><br>SHANE BUNTROCK, an individual; SANDERS & PARKS, P.C., an Arizona professional corporation; and EQUINE.COM, Inc., a Delaware corporation,<br><br>        Cross-Defendants.<br><br>PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.,<br><br>        Cross-Complainant,<br><br>v.<br><br>SHANE BUNTROCK, an individual; SANDERS & PARKS, P.C., an Arizona professional corporation,<br><br>        Cross-Defendants. | Case No.: C07-04976-CRB<br><br>**ANSWER OF DEFENDANTS SHANE BUNTROCK AND SANDERS AND PARKS P.C. TO CROSS-CLAIM OF DEFENDANT PRIMEDIA ENTHUSIAST PUBLICATIONS INC.**<br><br>Complaint Filed: September 25, 2007<br>Cross-Claim Filed: November 30, 2007<br>Trial Date: None Filed |

COMES NOW CROSS-DEFENDANTS SHANE BUNTROCK, an individual and resident of Arizona, and SANDERS & PARKS, P.C., an Arizona professional corporation, and in answer to the Cross-Claim of Cross-Defendant Primedia Enthusiast Publications, Inc., erroneously sued as Equine.com in the main action, by and through its undersigned counsel of record, admit, deny, and

- 1 -

allege as follows:

1. These answering Cross-Defendants lack sufficient information or belief to admit or deny allegations of Paragraph 1 of the Cross-Claim, and based upon such lack of information or belief, deny the allegations of Paragraph 1 of the Cross-Claim.

2. These answering Cross-Defendants admit the allegations of Paragraph 2 of the Cross-Claim.

3. These answering Cross-Defendants lack sufficient information or belief to admit or deny allegations of Paragraph 3 of the Cross-Claim, and based upon such lack of information or belief, deny the allegations of Paragraph 3 of the Cross-Claim.

4. These answering Cross-Defendants admit the allegations of Paragraph 4 of the Cross-Claim.

5. These answering Cross-Defendants deny the allegations in Paragraph 5 to the extent they mischaracterize the allegations contained in Equine Legal Solution's Complaint, otherwise, the allegations in the Original Complaint speak for themselves.

6. These answering Cross-Defendants deny the allegations in Paragraph 6 to the extent they mischaracterize the allegations contained in Equine Legal Solution's Complaint, otherwise, the allegations in the Original Complaint speak for themselves.

7. In answering Paragraph 7 of the Cross-Claim, these answering Cross-Defendants reallege and incorporate and hereby reference their answers in Paragraph 1 through 6, inclusive, herein.

8. These answering Cross-Defendants lack sufficient information or belief to admit or deny allegations of Paragraph 8 of the Cross-Claim, and based upon such lack of information or belief, deny the allegations of Paragraph 8 of the Cross-Claim.

9. These answering Cross-Defendants admit the allegations of Paragraph 9 of the Cross-Claim.

10. These answering Cross-Defendants admit the allegations of Paragraph 10 of the Cross-Claim.

11. These answering Cross-Defendants deny the allegations of Paragraph 11 of the Cross-Claim.

**Answer Of Defendants Shane Buntrock And Sanders And Parks P.C. To Cross-Claim Of Defendant Primedia Enthusiast Publications Inc.**

12. These answering Cross-Defendants deny the allegations of Paragraph 12 of the Cross-Claim.

13. These answering Cross-Defendants deny the allegations of Paragraph 13 of the Cross-Claim.

14. In answering Paragraph 14 of the Cross-Claim, these answering Cross-Defendants reallege and incorporate and hereby reference their answers in Paragraph 1 through 13, inclusive, herein.

15. These answering Cross-Defendants deny the allegations of Paragraph 15 of the Cross-Claim.

16. These answering Cross-Defendants deny the allegations of Paragraph 16 of the Cross-Claim.

17. In answering Paragraph 17 of the Cross-Claim, these answering Cross-Defendants reallege and incorporate and hereby reference their answers in Paragraph 1 through 16, inclusive, herein.

18. These answering Cross-Defendants lack sufficient information or belief to admit or deny allegations of Paragraph 18 of the Cross-Claim, and based upon such lack of information or belief, deny the allegations of Paragraph 18 of the Cross-Claim.

19. These answering Cross-Defendants admit the allegations of Paragraph 19 of the Cross-Claim.

20. These answering Cross-Defendants lack sufficient information or belief to admit or deny allegations of Paragraph 20 of the Cross-Claim, and based upon such lack of information or belief, deny the allegations of Paragraph 20 of the Cross-Claim.

21. These answering Cross-Defendants admit the allegations of Paragraph 21.

22. These answering Cross-Defendants deny the allegations of Paragraph 22.

23. These answering Cross-Defendants deny the allegations of Paragraph 23 of the Cross-Claim.

24. These answering Cross-Defendants deny the allegations of Paragraph 24 of the Cross-Claim.

25. AS A FIRST SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants allege that the CROSS-CLAIM, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

26. AS A SECOND SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that the CROSS-CLAIM, and each cause of action therein, is barred by the applicable statute of limitations stated in Part Two, Title II, Chapter 3, of the Code of Civil Procedure, including, but not limited to, sections 337, 338, 339, 340, 340(3), 340.5, 340.6 and 343.

27. AS A THIRD SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believes and thereon alleges that Cross-Complainant was negligent and/or careless in and about the matters alleged in the CROSS-CLAIM, and to the extent said negligence and/or carelessness caused and/or contributed to injuries and/or damages, if any, Cross-Complainant's recovery should be barred or proportionately reduced.

28. AS A FOURTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the CROSS-CLAIM.

29. AS A FIFTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that Cross-Complainants failed and neglected to use reasonable care to protect themselves and to minimize the losses and damages complained of, if any there were.

30. AS A SIXTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth herein, Cross-Defendants are informed and believe and thereon allege that Cross-Complainant and/or Cross-Complainant's agents and/or employees, or both, conducted a complete unhindered inspection and investigation of the business transaction referred to in

- 4 -

Answer Of Defendants Shane Buntrock And Sanders And Parks P.C. To Cross-Claim Of Defendant Primedia Enthusiast Publications Inc.

said CROSS-CLAIM prior to the time the transaction occurred, and Cross-Complainant knew, or should have known, of the character and condition of said transactions, including those matters about which Plaintiff now complains; and that by reason of said inspection and investigation, Cross-Complainant is presumed to have relied upon his own observations or on the observations of his agents and/or employees and not upon the representations asserted or made by Cross-Defendant, if any there were, completely barring recovery.

31. AS A SEVENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that Cross-Complainants did not rely upon any representations made by Cross-Defendants, and therefore, any injuries, losses or damages complained of by Cross-Complainants, if any there were, were not occasioned by any representations made by Cross-Defendants.

32. AS AN EIGHTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that Cross-Complainants ratified and confirmed the transactions which are the subject matter of the CROSS-CLAIM, and every representation, if any, made by these Cross-Defendants.

33. AS A NINTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that the CROSS-CLAIM is barred by the Statute of Frauds.

34. AS A TENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that the CROSS-CLAIM, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

35. AS A ELEVENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that the CROSS-CLAIM, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

**Answer Of Defendants Shane Buntrock And Sanders And Parks P.C. To Cross-Claim Of Defendant Primedia Enthusiast Publications Inc.**

36. AS A TWELFTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that the CROSS-CLAIM, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Cross-Complainants are also estopped from maintaining this action.

37. AS A THIRTEENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believe and thereon allege that reasonable research was undertaken in an effort to ascertain relevant legal principles and informed discretion regarding the rights of the client and was exercised based on an intelligent assessment of the problem. Said discretion bars recovery hereunder.

38. AS A FOURTEENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believes and thereon alleges that Cross-Complainant consent to all of the acts of Cross-Complainant complained of in the main ELS Complaint, and that said consent was both express and implied.

39. AS A FIFTEENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believes and thereon alleges that if it is determined that Cross-Defendant was negligent, as set forth in the CROSS-CLAIM, said negligence was secondary and passive as contrasted with the active and primary negligence of Cross-Complainant, and by reason thereof, Cross-Complainant is not, as a matter of law, entitled to recover from these Cross-Defendants on the theory of indemnity.

40. AS A SIXTEENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believes and thereon alleges that no relationship existed between Cross-Complainant and Cross-Defendant which would give rise to indemnity as a result of the matters stated in the CROSS-CLAIM.

41. AS A SEVENTEENTH SEPARATE AND DISTINCT DEFENSE TO THE CROSS-CLAIM ON FILE HEREIN, and each of the claims set forth therein, Cross-Defendants are informed and believes and thereon alleges that their actions were taken in good faith and with a reasonable belief

1  that such actions were lawful.

2      42.    Cross-Defendants presently have insufficient knowledge or information on which to form a belief as to whether Cross-Defendants may have additional, as yet unstated, defenses available. Cross-Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Cross-Defendants SHANE BUNTROCK and SANDERS & PARKS, P.C. pray that Cross-Complainant take nothing by way of their CROSS-CLAIM, and that the CROSS-CLAIM be dismissed and Cross-Defendants awarded its costs, including attorneys' fees and such other relief that the Court may deem just and proper.

Dated: February 1, 2008

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Jason E. Fellner
Attorneys for
CROSS-DEFENDANTS SHANE BUNTROCK AND
SANDERS & PARKS, P.C.

JEF.10403722.doc

- 7 -

**Answer Of Defendants Shane Buntrock And Sanders And Parks P.C. To Cross-Claim Of Defendant Primedia Enthusiast Publications Inc.**

# CERTIFICATE OF SERVICE

I, Suzanne Johnson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On February 1, 2008, I served the following document(s) on the parties in the within action:

**ANSWER OF DEFENDANTS SHANE BUNTROCK AND SANDERS AND PARKS P.C. TO CROSS-CLAIM OF DEFENDANT PRIMEDIA ENTHUSIAST PUBLICATIONS INC.**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

Michael L. Meeks                                       Attorney For EQUINE.COM
Pepper Hamilton LLP
5 Park Plz, Ste 1700
Irvine, CA 92614-8503

Steven A. Ellenberg                                    Attorney For Cross-Complainant EQUINE
Law Offices of Steven A. Ellenberg                     LEGAL SOLUTIONS, INC.,
125 South Market Street, Suite 1001
San Jose, CA 95113

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 1, 2008.

By _____
    (Suzanne Johnson)

- 8 -

**Answer Of Defendants Shane Buntrock And Sanders And Parks P.C. To Cross-Claim Of Defendant Primedia Enthusiast Publications Inc.**